35719. CHITTY *v.* HORNE-WILSON, INC., *et al.*

QUILLIAN, J. This case is factually identical and involves a decision of the same questions as the case of *Chitty* v. *Horne-Wilson, Inc.,* ante, and is controlled by the decision in that case, except that the petition in the present case is demurred to on one additional ground not presented by the demurrer in the controlling case.

Paragraph 11 of the petition reads: "On December 13, 1952, at or about 7:30 a. m., plaintiff's husband observed smoke in the home and went

to the furnace room to investigate. That she followed closely behind her husband to aid him in the investigation and she was coming out of the back door to the house as the plaintiff opened the door to the furnace room and upon her husband's opening the furnace room door, the furnace exploded, and upon hearing the furnace explode and her husband's outcry, she fell out of the back door receiving serious injuries as will more fully hereinafter be shown."

In paragraph 27 of the petition there appears an allegation that the alleged acts of negligence were the direct and proximate cause of the plaintiff's injuries and damages, and paragraph 28 contains the averment that "as a direct result of said explosion plaintiff suffered" described injuries.

The demurrer asserts that the allegations of paragraph 11, that, "upon hearing the furnace explode and her husband's outcry, she fell out of the back door, receiving" such injuries, are inconsistent with the above-quoted allegations of paragraphs 27 and 28.

We do not think there is any inconsistency in the averments referred to. Together they simply amount to an allegation that the explosion caused the plaintiff to fall out of the back door and that she was injured.

    *Judgment reversed. Felton, C. J., and Nichols, J., concur.*

DECIDED SEPTEMBER 13, 1955—REHEARING DENIED OCTOBER 11, 1955.

*Robert W. Reynolds,* for plaintiff in error.

*Peacock, Perry, Kelley & Walters, Gibson & DeLoache,* contra.